UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00072-MRA-JDEx                                       Date: February 6, 2026

Title   _Sanaz Derakhshani Jan v. County of Orange, et al._

Present: The Honorable: **Mónica Ramírez Almadani, United States District Judge**

| Priscilla Deason for Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers): Order Denying Plaintiff's Motions [9, 10, 20]**

On December 3, 2025, Plaintiff filed an action against Defendants in the Orange County Superior Court, Case No. 30-2025-01529639-CU-MC-CXC. (ECF No. 1 at 14; ECF No. 1-1 at 2-21.) Plaintiff characterized her action as a "Complaint against Government Mafia, Judicial Mafia, Law Enforcement Mafia, Prosecutor Mafia, Bank Fraud Mafia, Tax Fraud Mafia, Real Estate Mafia," etc. (ECF No. 1-1 at 2.) Plaintiff named approximately 400 Defendants. (ECF No. 9 at 16.) Defendants include federal, state, and county agencies; federal and state judges; and hundreds of other entities, officials, and individuals. (ECF No. 1-1 at 2-16.) Plaintiff alleged that Defendants "have willfully damaged my life, my fiancé's, athletes,' national interests, competitions, the reputation of my country's sports, the 2028 Olympics, and many other things – shame on you, corrupt people." (_Id_. at 17.) Defendants allegedly "retaliate constantly in various ways, send life-threatening messages, engage in numerous conspiracies, and aim to create big problems for my fiancé and me. They want to frame us, ruin our clean record, and then kill us in prison with their gang members who are working for corrupt government officials." (_Id_.)

On January 9, 2026, Defendants from the County of Orange filed a Notice of Removal to this Court. (ECF No. 1.) The stated basis for removal was that the Complaint raised federal questions because Plaintiff had asserted claims for alleged violations of rights under the United States Constitution, citizenship fraud, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 1 at 16; _see also_ ECF No. 1-1 at 16, 21.)

Now pending are Plaintiff's post-removal motions, where Plaintiff argues for sanctions and the immediate remand of this action to state court. (ECF Nos. 9, 10, 20.) Plaintiff requests "more

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00072-MRA-JDEx                                        Date: February 6, 2026

Title       _Sanaz Derakhshani Jan v. County of Orange, et al._

than 30 trillion dollars," with 500 million dollars to be paid "at this point" or "for now."  (ECF No. 9 at 18; ECF No. 20 at 25.)  The removing Defendants filed oppositions to the motions.  (ECF Nos. 21-22.)  As explained below, Plaintiff's motions are denied.

First, Plaintiff argues that removal was improper because all 400 named Defendants did not join in the Notice of Removal.  (ECF No. 9 at 19; ECF No. 10 at 18.)  Ordinarily, "all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." _Emrich v. Touche Ross & Co._, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (citations omitted).  "This general rule applies, however, only to defendants properly joined and served in the action." _Id_.  "The removing party must affirmatively explain the absence of any co-defendants in the notice of removal." _Riggs v. Plaid Pantries, Inc._, 233 F. Supp. 2d 1260, 1267 (D. Or. 2001) (citation omitted).  Moreover, a party is "nominal" when "there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction of the defendant is established." _S.E.C. v. Colello_, 139 F.3d 674, 676 (9th Cir. 1998) (citation omitted); _see also Strotek Corp. v. Air Transport Ass'n of America_, 300 F.3d 1129, 1133 (9th Cir. 2002) (nominal parties have "nothing at stake").

Here, the general rule of unanimity for removal does not apply.  In the first place, Plaintiff has not served the Defendants, according to her own acknowledgment.  (ECF No. 20 at 18.)  Defendants also affirmatively explained that, given the numerosity of Defendants, "it was impractical for Defendants to obtain consent for this removal."  (ECF No. 1 at 17; _see also_ ECF No. 21 at 25 (describing the "factual impossibility of obtaining unanimous consent from 400 named defendants, many of whom are high ranking federal government officials and/or celebrities").)  Moreover, the Defendants who did not join in the Notice of Removal appear to be nominal parties because Plaintiff suggests no possibility of stating a claim against them.  These Defendants "did not make an appearance in the underlying action, did not have any claims brought against them, and did not participate in the underlying case in any meaningful way.  Such inaction demonstrates that [Defendants] lacked the 'vital interest' necessary to avoid being deemed nominal parties." _Shapiro v. Citibank, N.A._, 855 F. App'x 391, 392 (9th Cir. 2021).  Indeed, Plaintiff's conclusory allegations that these hundreds of unrelated Defendants conspired to commit RICO violations, willfully damage Plaintiff's life and the reputation of her country, and undermine the 2028 Olympics sound entirely fanciful.  Thus, the fact that not all 400 Defendants joined in the Notice of Removal does not warrant the imposition of sanctions or the remand of this action.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00072-MRA-JDEx                                   Date: February 6, 2026

Title      _Sanaz Derakhshani Jan v. County of Orange, et al._

Second, Plaintiff argues that the removing Defendants did not attach all the state court filings with the Notice of Removal and altered the case caption.  (ECF No. 9 at 17; ECF No. 10 at 18.)  A removing Defendant must provide "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  Here, assuming without deciding that the procedural defects that Plaintiff identifies here did exist, such defects are "de minimis" and "curable."  _Kuxhausen v. BMW Financial Services NA LLC_, 707 F.3d 1136, 1142 (9th Cir. 2013).  Moreover, the removing Defendants explained that any alleged alteration of the case caption occurred because they "were initially unable to name all the defendants when opening the case due to the PACER CM/ECF system timing out and crashing given the extraordinary length of time it took to input the 400 named defendants."  (ECF No. 21 at 26; _see also_ ECF No. 21-1 at 15-16.)  They apparently have since cured the defect.  (ECF No. 22 at 26; _see also_ ECF No. 22-1 at 16.)  Thus, "the Court declines to remand this action based on a mere technicality."  _Loewen v. McDonnell_, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019).

Third, Plaintiff argues that subject matter jurisdiction in federal court is lacking.  (ECF No. 20 at 18-20.)  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required.  The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"  _Caterpillar Inc. v. Williams_, 482 U.S. 386, 392 (1987) (footnotes and citation omitted).  "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  _Gully v. First Nat'l Bank in Meridian_, 299 U.S. 109, 112 (1936).  Here, Plaintiff's Complaint alleged federal claims for violations of her constitutional rights, citizenship fraud, and RICO violations.  (ECF No. 1-1 at 16, 21.)  Thus, removal based on federal-question jurisdiction was proper.  Although it ultimately may be determined that Plaintiff has failed to state a claim upon which relief can be granted, this does not mean federal-question jurisdiction is lacking.  _See Pratt v. Sumner_, 807 F.2d 817, 819 (9th Cir. 1987) ("Ordinarily, federal jurisdiction is not negated by the likelihood that a complaint may fail to state a cause of action, inasmuch as that is grounds for dismissal on the merits and not for lack of jurisdiction.").

For these reasons, Plaintiff's motions are denied.  (ECF Nos. 9, 10, 20.)

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00072-MRA-JDEx                                    Date: February 6, 2026

Title      _Sanaz Derakhshani Jan v. County of Orange, et al._

**Initials of Deputy Clerk: pd/mku**